453 So.2d 863 (1984)
STATE ex rel. GAS KWICK, INC., Appellant,
v.
Doyle CONNER, Commissioner of Agriculture and Consumer Services, Appellee.
No. AV-324.
District Court of Appeal of Florida, First District.
July 19, 1984.
*864 J. Michael Huey and Stephen A. Ecenia of Akerman, Senterfitt & Eidson, Tallahassee, for appellant Gas Kwick, Inc.
Robert A. Chastain, Gen. Counsel, Fla. Dept. of Agriculture and Consumer Services, Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from the judgment of the trial court denying petition for writ of mandamus, which petition alleged that Section 526.151, Florida Statutes[1] is an unlawful exercise of the State's police power, denies producers and refiners of petroleum products equal protection of the laws, and is unconstitutionally vague. The trial court, relying upon the court's own 1975 decision[2] declaring the statute unconstitutional for the above-stated reasons, summarily rejected appellant's contention that the substantive due process issue was controlled by Exxon Corporation v. Maryland, 437 U.S. 117, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978). In Exxon, supra, the United States Supreme Court rejected a challenge on constitutional grounds to a substantially similar Maryland statute (Md. Code Ann. Art. 56 § 157E [Supp. 1977]), holding that legislative enactment constituted a lawful exercise of the State's police power. Appellee has failed to explain why that decision is not controlling of the same issue raised as to Florida's statute.
We further conclude that the term "retail service station," the language set forth in Subsection (2) of the Act requiring specified producers and refiners to "apply all equipment rental charges uniformly to all retail service station dealers which they supply" and the 90 percent requirement of Subsection (3) of the Act are not unconstitutionally vague or ambiguous in light of the legislative intent in enacting Section 526.151, Florida Statutes. The term "all classes of retail service stations" is construed to include all stations, whether providing full service or not, which supply gasoline at retail. Nor do the divestiture provisions of the Act constitute a denial of the equal protection since the challenged classification is rationally related to a legitimate State interest. Governor of Maryland v. Exxon Corporation, 279 Md. 410, 370 A.2d 1102, 1119 (1977), affirmed sub nom, Exxon Corporation v. Maryland, supra.
Accordingly, the judgment below is reversed.
The issues raised being of great public importance and the statute having apparently remained unenforced for almost a decade, we certify the following questions to the Florida Supreme Court:
1. DOES SECTION 526.151, FLORIDA STATUTES, VIOLATE THE SUBSTANTIVE DUE PROCESS CLAUSE OF THE FLORIDA AND UNITED STATES CONSTITUTIONS?
2. ARE THE TERM "RETAIL SERVICE STATION," AS SET FORTH IN SUBSECTION (2) OF THE ACT REQUIRING *865 SPECIFIED PRODUCERS AND REFINERS TO "APPLY ALL EQUIPMENT RENTAL CHARGES UNIFORMLY TO ALL RETAIL SERVICE STATION DEALERS WHICH THEY SUPPLY," AND/OR THE 90 PERCENT REQUIREMENT OF SUBSECTION (3) OF THE ACT UNCONSTITUTIONALLY VAGUE AND/OR AMBIGUOUS?
3. DO THE DIVESTITURE PROVISIONS OF THE ACT CONSTITUTE A DENIAL OF EQUAL PROTECTION OF THE LAWS IN THAT THEY APPLY ONLY TO PRODUCERS AND REFINERS OF PETROLEUM PRODUCTS AND NOT TO OTHER MAJOR INTEGRATED COMPANIES?
BOOTH, SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Section 526.151, Florida Statutes:

Petroleum products dealers; restrictions. 
(1) After October 1, 1974, no producer, refiner, or a subsidiary of any producer or refiner, shall operate, with company personnel, in excess of 3 percent of the total number of all classes of retail service stations selling its petroleum products, under its own brand or secondary brand.
(2) Every producer or refiner of petroleum products supplying gasoline and special fuels to retail service station dealers shall apply all equipment rental charges uniformly to all retail service station dealers which they supply.
(3) This section shall not apply to any service station operated by a producer or refiner of petroleum products who purchases or obtains more than 90 percent of the unrefined petroleum products to be so refined from another producer or refiner of petroleum products.
(4) A circuit court or circuit judge shall have jurisdiction, upon hearing and for cause shown, to grant an injunction restraining any person from violating or continuing to violate any of the provisions of this section.
[2] That decision (Exxon Corporation, Shell Oil Company, Union Oil Company of California, and Phillips Petroleum Company v. Conner, Cases No. 74-1449, 74-1577, and 74-1772, Circuit Court of the Second Judicial Circuit in and for Leon County [January 23, 1975]), holding the statute unconstitutional, is unreported and was never appealed.